# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

STEVEN DICKERSON                                                                    PLAINTIFF

v.                                    4:18cv00783-KGB-JJV

DOC HOLLADAY, Sheriff, Pulaski
County Regional Detention Facility; *et al.*                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.  INTRODUCTION

Steven Dickerson ("Plaintiff") is incarcerated at the Pulaski County Detention Center and filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) He alleges he was not given a tuberculosis skin test and was housed in segregation in retaliation for filing a grievance about having not been tested. (*Id*. at 4-7.) Plaintiff seeks damages for the alleged violations of his constitutional rights (*Id*. at 8.) After careful review of Plaintiff's Complaint, I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### II.  SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.    ANALYSIS

As a part of the screening process, on November 8, 2018, I notified Plaintiff that his Complaint, as currently pled, failed to state a claim upon which relief may be granted. (Doc. No. 7 at 2.) Plaintiff was given thirty (30) days to cure the Complaint's defects by filing a superseding Amended Complaint; a blank 42 U.S.C. § 1983 was mailed to him. (*Id.* at 3.) He was cautioned that if he did not file an Amended Complaint within thirty (30) days, his Complaint could be dismissed without prejudice. (*Id*.) Plaintiff has not filed an Amended Complaint and the time for doing so has passed.

Plaintiff's Complaint is deficient. He sued Pulaski County Sheriff Doc Holladay but does not include any allegations against him. "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead

that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). Because Plaintiff included no allegations against Doc Holladay, Plaintiff's claims against him fail. Further, the Pulaski County Detention Center is not a "person" subject to suit under 42 U.S.C. § 1983. *See Da La Garza v. Kandiyohi Cty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001). Plaintiff's Complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 570.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 12th day of December 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."